United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TYRONE MOORE, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | §   CIVIL ACTION NO. 2:22-CV-00257 |
| | § |
| WARDEN COX, | § |
| | § |
| Respondent. | § |

## MEMORANDUM AND RECOMMENDATION

Petitioner Tyrone Moore filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") miscalculated his good time and prior jail credits when it calculated his release date. (D.E. 1). Petitioner requests his release date be recalculated. (D.E. 1). On March 16, 2023, Respondent filed an Answer, which the undersigned construes as a Motion for Summary Judgment, asserting the BOP determined Petitioner's sentence was in fact miscalculated. Petitioner's release date has since been recalculated to conform with the District Court's oral pronouncement at sentencing, making Petitioner's release date June 16, 2023 rather than July 23, 2026. (D.E. 10 and D.E. 11). Petitioner has not filed a response which, pursuant to the local rules, is taken as a representation of no opposition to the Motion. After consideration, the undersigned **RECOMMENDS** Respondent's Motion be **GRANTED** (D.E. 10) and this petition for writ of habeas corpus be **DISMISSED as moot** as Petitioner has now received the relief requested.

## I. JURISDICTION

Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Three Rivers, Texas and therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6); *see McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change) (citations omitted). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II. BACKGROUND[1]

On February 24, 2016, Petitioner was found guilty in the United States District Court for the Middle District of Louisiana for possessing a firearm while being a convicted felon and was sentenced to 70 months imprisonment. (D.E. 10-1, Pages 3 and 16-21). On October 31, 2022, Petitioner filed the instant habeas petition alleging the BOP miscalculated his release date by over three years. (D.E. 1). After this Petition was filed, BOP investigated and determined Petitioner's claim had merit. The BOP "determined there was a conflict between the sentence pronounced orally at the sentencing hearing and the sentence ordered in the Petitioner's Judgment in a Criminal Case." (D.E. 10, Page 3). Therefore, the BOP revised Petitioner's projected release date to June 16, 2023. (D.E. 10, Page 4).

---

[1] The full background is contained in Respondent's Motion and, therefore, need not be repeated here at length. (D.E. 10, Pages 2-4).

**III.    SUMMARY JUDGMENT**

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions.  Generally, Rule 56 applies to federal habeas corpus cases.  *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact.  *Hamilton v. Segue Software*, *Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted).  Considering these standards, the undersigned has reviewed Petitioner's claims and Respondent's Motion.

**IV.    DISCUSSION**

Petitioner has received the relief he was seeking in his petition and, accordingly, his grounds for relief in this action are moot.  (D.E. 10-1, Pages 2-4) (Declaration of Robin Teters, Correctional Programs Specialist at the Designation and Sentence Computation Center) and (D.E. 10-1, Page 39) (Public Information Inmate Date sheet showing recalculated sentence).  His petition no longer presents a live controversy.  *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances,

including the passage of time, it is considered moot."); *Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject-matter jurisdiction.")

## V.     RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Respondent's Motion be **GRANTED** (D.E. 10) and this case be **DISMISSED as moot**.

Respectfully submitted on April 24, 2023.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).